UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDDIE SCOTT,

      Petitioner,

v.                                           CASE NO. 6:07-cv-884-Orl-31DAB

SECRETARY, DEPARTMENT OF
CORRECTIONS, et al.,

      Respondents.

_____

## <u>ORDER</u>

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 2).  Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted.  Thereafter, Respondents filed a  response to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10).  Petitioner filed a reply to the response (Doc. No. 14).

Petitioner alleges two claims for relief in his petition: (1) the Parole Commission improperly and illegally imposed a mandatory curfew on Petitioner as a condition of his  conditional release, and (2) his due process rights were violated by the parole examiner's refusal to allow two witnesses to testify at his conditional release violation hearing.

## I.     *Procedural History*

Petitioner was convicted in 1993 of robbery and resisting an officer with violence, which offenses were committed in 1991. The state trial court sentenced Petitioner as a habitual felony offender to an eighteen-year term of imprisonment for robbery and to a ten-year term of imprisonment for resisting with violence. In 2004, Petitioner was released from prison and subject to conditional release supervision until June 19, 2010. Among the conditions of his release, Petitioner had a mandatory curfew of 7:00 p.m to 7:00 a.m., except for work/treatment purposes as authorized by his conditional release supervisor.

On April 11, 2004, Petitioner was charged with three violations of the conditions of his supervised release, one of which was the mandatory curfew condition. A hearing was conducted after which Petitioner was found guilty of violating two of the conditions, including the curfew provision. Notwithstanding the finding of guilt, the Parole Commission issued an order restoring Petitioner to conditional release supervision.

On December 29, 2004, Petitioner was charged with violating the mandatory curfew condition of his supervised release. A hearing was conducted on January 27, 2005, after which the hearing examiner found Petitioner guilty of violating the mandatory curfew condition and recommended that Petitioner's supervision be revoked. On March 9, 2005, the Parole Commission revoked Petitioner's conditional release supervision based on the hearing examiner's findings.

Petitioner filed a state petition for writ of habeas corpus in the Fourteenth Judicial Circuit Court of Florida. The state trial court denied relief, and Petitioner sought a petition for writ of certiorari with the state appellate court, which denied the petition on the merits.

II.     *Legal Standards*

      A.     *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

2

Pursuant to the AEDPA, federal habeas relief may not be granted with respect to a claim adjudicated on the merits in state court unless the adjudication of the claim:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).  The phrase "clearly established Federal law," encompasses only the holdings of the United States Supreme Court "as of the time of the relevant state-court decision."  *Williams v. Taylor*, 529 U.S. 362, 412 (2000).

"[S]ection 2254(d)(1) provides two separate bases for reviewing state court decisions; the 'contrary to' and 'unreasonable application' clauses articulate independent considerations a federal court must consider."  *Maharaj v. Secretary for Dep't. of Corr.*, 432 F.3d 1292, 1308 (11th Cir. 2005).  The meaning of the clauses was discussed by the Eleventh Circuit Court of Appeals in *Parker v. Head*, 244 F.3d 831, 835 (11th Cir. 2001):

Under the "contrary to" clause, a federal court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the United States Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme Court] has on a set of materially indistinguishable facts.  Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the United States Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Even if the federal court concludes that the state court applied federal law incorrectly, habeas relief is appropriate only if that application was "objectively unreasonable."  *Id*.

Finally, under § 2254(d)(2), a federal court may grant a writ of habeas corpus if the state court's decision "was based on an unreasonable determination of the facts in light of the evidence

3

presented in the State court proceeding." A determination of a factual issue made by a state court, however, shall be presumed correct, and the habeas petitioner shall have the burden of rebutting the presumption of correctness by clear and convincing evidence. *See Parker*, 244 F.3d at 835-36; 28 U.S.C. § 2254(e)(1).

### B.      Exhaustion and Procedural Default

One procedural requirement set forth in the AEDPA precludes federal courts, absent exceptional circumstances, from granting habeas relief unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-22 (1999); *Picard v. Connor*, 404 U.S. 270, 275 (1971). Specifically, the AEDPA provides, in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
>
> > (A)    the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)    (i)    there is an absence of available State corrective process; or
> >
> > (ii)    circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1).

Thus, a federal court must dismiss those claims or portions of claims that have been denied on adequate and independent procedural grounds under state law. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In addition, a federal habeas court is precluded from considering claims that are not exhausted but would clearly be barred if returned to state court. *Id*. at 735 n.1 (stating that if the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims

4

procedurally barred, there is a procedural default for federal habeas purposes regardless of the decision of the last state court to which the petitioner actually presented his claims).

In order to satisfy the exhaustion requirement, a state petitioner must "fairly presen[t] federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (citing *Picard v. Conner*, 404 U.S. 270, 275-76 (1971)) (internal quotation marks omitted).  The petitioner must apprise the state court of the federal constitutional issue, not just the underlying facts of the claim or a similar state law claim.  *Snowden v. Singletary*, 135 F.3d 732 (11th Cir. 1998).  The United States Supreme Court has observed that "Congress surely meant that exhaustion be serious and meaningful."  *Keeney v. Tamayo-Reyes*, 504 U.S. 1, 10 (1992).  Furthermore, the Court explained that

> [c]omity concerns dictate that the requirement of exhaustion is not satisfied by the mere statement of a federal claim in state court.  Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claims on the merits.

*Id.*; *see also Henderson v. Campbell*, 353 F.3d 880, 898 n.25 (11th Cir. 2003) ("Both the legal theory and the facts on which the federal claim rests must be substantially the same for it to be the substantial equivalent of the properly exhausted claim.").

Procedural default will be excused only in two narrow circumstances. First, a petitioner may obtain federal review of a procedurally defaulted claim if he can show both "cause" for the default and actual "prejudice" resulting from the default.  "To establish 'cause' for procedural default, a petitioner must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in the state court." *Wright v. Hopper*, 169 F.3d 695, 703 (11th Cir. 1999). To establish "prejudice," a petitioner must show that there is at least a reasonable probability that

the result of the proceeding would have been different.  *Henderson*, 353 F.3d at 892 (citations omitted).

The second exception, known as the "fundamental miscarriage of justice," only occurs in an extraordinary case, where a "constitutional violation has probably resulted in the conviction of one who is actually innocent."  *Murray v. Carrier*, 477 U.S. 478, 496 (1986).  Actual innocence means factual innocence, not legal insufficiency.  *Bousley v. United States*, 523 U.S. 614, 623 (1998).  To meet this standard, a petitioner must "show that it is more likely than not that no reasonable juror would have convicted him" of the underlying offense.  *Schlup v. Delo*, 513 U.S. 298, 327 (1995). In addition, "'[t]o be credible,' a claim of actual innocence must be based on [new] reliable evidence not presented at trial."  *Calderon v. Thompson*, 523 U.S. 538, 559 (1998) (quoting *Schlup*, 513 U.S. at 324).

### III.   *Analysis*

#### A.    *Claim One*

Petitioner asserts that the Parole Commission improperly and illegally imposed the mandatory curfew condition as one of the terms of his supervised release.  According to Petitioner, the offenses for which he was convicted occurred in 1991 and section 947.1405, Florida Statutes, imposing the mandatory curfew condition, did not become effective until October 1, 1995, and only applied to sex offenses.  (Doc. No. 2 at 8-9.)  In support of this claim, Petitioner relies on *King v. Florida Parole Commission*, 898 So. 2d 1100 (Fla. 1st DCA 2005).  Respondents assert that claim one is procedurally barred because Petitioner did not allege that the imposition of the mandatory curfew condition resulted in a violation of federal law.

A review of the record indicates that Petitioner failed to raise this claim in the state courts

as a violation of federal law.  *See* Doc. No. 13-2 at 7-9.  Thus, this claim has not been exhausted. Furthermore, it is obvious that this unexhausted claim would be procedurally barred if now raised in the state court.  Accordingly, the instant claim is procedurally barred absent application of one of the exceptions to the procedural default rule.

Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default.  Likewise, he has neither alleged nor shown the applicability of the actual innocence exception.  A review of the record reveals that Petitioner is unable to satisfy either of the exceptions to the procedural default bar.  Therefore, claim one is procedurally barred.[1]

### B.    Claim Two

Petitioner asserts that his due process rights were violated by the parole examiner's refusal to allow two witnesses to testify at his conditional release violation hearing.  Specifically, Petitioner alleges that pursuant to the Florida Constitution and the rules governing revocation hearings, he was denied his due process when he was not allowed to call Sammy Battles and Harvey Hodge to testify at his hearing.  *See* Doc. No. 14 at 4.  Respondents assert that Petitioner did not raise this claim in the state courts, and therefore, it is procedurally barred from review by this Court.  *See* Doc. No. 10 at 12-15.

Contrary to Respondents' assertion, the record indicates that Petitioner did assert in his state habeas petition that his due process rights were violated by the parole examiners refusal to allow him

---

[1]Alternatively, the Court notes that Petitioner has not raised claim one as a violation of federal law in the instant habeas petition.  A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief because no question of a constitutional nature is involved. *See Carrizales v. Wainwright*, 699 F.2d 1053, 1055 (11th Cir. 1983); *Llamas-Almaguer v. Wainwright*, 666 F.2d 191 (5th Cir. 1982).  Thus, even if this claim were not procedurally barred, it would be denied because it only raises matters of state law.

to present Sammy Battles and Harvey Hodge as witnesses at his hearing. *See* Doc. No. 13-2, Exh. G at 9. Petitioner also raised the issue in the state appellate court in his petition for writ of certiorari. *See* Doc. No. 13-2, Exh. I at 20, 26. Thus, it appears that this claim is not procedurally barred from review by this Court. As such, because Respondents failed to address the merits of Petitioner's second claim, they will be

required to file a supplemental response to the petition.

Accordingly, it is **ORDERED** as follows:

1.      Claim one of the Petition for Writ of Habeas Corpus (Doc. No. 2) filed by Eddie Scott is **DENIED**.

2.      Within **THIRTY (30) DAYS** from the date of this Order, Respondents shall file a supplemental response addressing claim two of Petitioner's habeas petition. Thereafter, Petitioner will be provided an opportunity to file a reply to the supplemental response.

**DONE AND ORDERED** at Orlando, Florida, this 4th day of August, 2008.

Copies to:
sc 8/4
Counsel of Record
Eddie Scott

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE