UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDDIE SCOTT,

    Petitioner,

v.                                                  CASE NO. 6:07-cv-884-Orl-31DAB

SECRETARY, DEPARTMENT OF CORRECTIONS, et al.,

    Respondents.

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. section 2254 (Doc. No. 2). Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a timely reply to the petition for writ of habeas corpus in compliance with this Court's instructions and with the *Rules Governing Section 2254 Cases in the United States District Courts* (Doc. No. 10.) Petitioner filed a reply to the response (Doc. No. 14)

Petitioner alleges two claims for relief in his petition: (1) the Parole Commission improperly and illegally imposed a mandatory curfew on Petitioner as a condition of his conditional release; and (2) his due process rights were violated by the parole examiner's refusal to allow two witnesses to testify at his conditional release violation hearing.

On August 4, 2008, the Court entered an Order (Doc. No. 18) denying claim one of the petition, and requiring Respondents to file a supplemental petition addressing the

merits of claim two.[1] Respondents filed a Supplemental Response (Doc. No. 20) on August 29, 2008. Petitioner did not file a supplemental reply.

I. *Procedural History/Legal Standards*

The procedural history and legal standards of the this case are set forth in the Court's Order of August 4, 2008.

II. *Claim Two*

According to Petitioner, his due process rights were violated by the parole examiner's refusal to allow two witnesses to testify at his conditional release violation hearing. In particular, Petitioner indicated that the Commission refused to allow him to call Sammy Battles and Harvey Hodge as witnesses at his conditional release hearing.

At the final revocation hearing of September 17, 2004, Petitioner was represented by an attorney and called his cousin, Sammy Love, as a witness at the hearing. (Doc. No. 10, Exhibit C). At the final revocation hearing of January 27, 2005, Petitioner waived the right to counsel and testified in his own defense (Doc. No. 10, Exhibit E). There was no indication from the hearing summaries that Petitioner requested that either Mr. Hodge or Mr. Battles attend the hearing or that he objected to their absence. Under the circumstances, Petitioner's broad and conclusory allegations are insufficient to demonstrate that his due process rights were violated,[2] and this claim must be denied.

---

[1] Respondents had argued in their initial response that claim two was procedurally barred, and the Court found that argument to be without merit.

[2] Moreover, Petitioner has failed to establish that the alleged error with regard to this matter had a "substantial and injurious effect or influence in determining" his case. *See*

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by Eddie Scott (Doc. No. 2) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 6th day of February, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 2/6
Counsel of Record
Eddie Scott

---

*Brecht v. Abrahamson,* 507 U.S. 619, 622 (1993).